1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

10 | DONALD G. ALUISI and DONALD       CV F 05-1303 AWI SMS
ALUISI,

11 |        Plaintiffs,

12 |    v.

13 | RONALD KOLKKA, FRAN KOLKKA,
RICHARD A. BELARDINELLI,

14 | C. RUSSELL GEORGESON,
GEORGESON AND BELLARDINELLI,

15 | INTERNAL REVENUE SERVICE, and
DOES 1 through 50,

16

17 |        Defendants

MEMORANDUM OPINION
AND ORDER DENYING
WITHOUT PREJUDICE
PLAINTIFFS' MOTION TO BE
DISMISSED FROM THE
INTERPLEADER ACTION
AND FOR ATTORNEY FEES
AND COSTS

[Document # 25]

18
19     In this action in interpleader, plaintiffs Donald G. Aluisi and Donald Aluisi

20 ("Plaintiffs") deposited a sum of money with the court to satisfy a judgment against them by

21 defendants Ronald and Fran Kolkka (collectively "Kolkka") and interpled other claimants to

22 that money.  Plaintiffs now move for discharge from the interpleader action and for award of

23 attorney fees and costs.  The funds deposited by Plaintiffs represent the major cash asset of

24 the bankruptcy estate of Kolkka.  Defendants United States and the law firm of Georgeson

25 and Bellardinelli ("GB") assert priority and super-priority claims, respectively, over the

26 interpleader funds.  None of the co-defendants have objected to Plaintiffs' dismissal from this

27 interpleader action.  All named defendants have objected to the award of attorney fees to

28 Plaintiffs.  For the reasons that follow, the court will deny both Plaintiffs' motion to dismiss

1  them and the requested award of attorney fees and costs without prejudice.

2  ## FACTUAL SUMMARY AND PROCEDURAL HISTORY

3       Plaintiffs are judgment debtors to Kolkka from an earlier state court action.  In that

4  action, a defense verdict resulted in an award of attorney fees and costs to Kolkka in the sum

5  of $515,267.22.  This sum of money (the "interpleader fund") was deposited with the Fresno

6  County Superior Court, and was the subject of the interpleader action that was removed to

7  this court.  Claims totaling more than $1.5 million have been asserted against the interpleader

8  fund.  Among the claims asserted, United States has served a notice of levy against the

9  judgment funds to satisfy a tax lien against Kolkka in the amount of $855, 057.02.[1]  Kolkka's

10 attorneys, Defendant Georgeson & Belardinelli ("GB") asserted claims on the judgment

11 funds pursuant to 26 U.S.C., § 6323(b)(8), which provides for super-priority of claims against

12 funds subject to tax liens where a party has been able to bring increased funds to the pool of

13 money that is subject to the tax lien.  Defendant United States alleges that GB and United

14 States have entered into an agreement whereby GB is to receive the amount of $424,328.72

15 out of the interpleader fund.  Pursuant to this agreement, United States will levy on the

16 remaining $90,938.50 to partially satisfy the tax lien on Kolkka's property.

17      In this motion, Plaintiff asserts entitlement to attorney fees and costs pursuant to

18 California Code of Civil Procedure, section 386.6 in the sum of $1,193.77 for costs, and

19 $15,414.75 for attorney fees.  Plaintiff alleges the attorney fees requested represents fees for

20 both the instant interpleader action and fees incurred in the bankruptcy case where

21 considerable effort went to lifting the automatic stay so that the interpleader case could

22 proceed.

23      This interpleader action was filed in Fresno County Superior Court on October 13,

24 2004, and was removed to this court by defendant United States on the same day.  Defendant

25

26      [1]      Plaintiffs allege the tax lien now stands at approximately $993,089.80, counting
27 accumulated interest and penalties.

28                                              2

Kolkka filed a voluntary Chapter 7 bankruptcy petition the following day, on October 14, 2004.  The instant motion to dismiss Plaintiff from the interpleader action and to award attorney fees and costs was filed on July 21, 2006.  Robert Hawkins, Chapter 7 Trustee of the Kolkka bankruptcy estate, filed opposition to Plaintiffs' motion on August 3, 2006.  Defendant GB, as well as individually named defendants Richard A. Belardinelli and C. Russell Georgeson, filed their opposition on August 30, 2006.  Defendant United States filed its opposition on September 7, 2006.  Plaintiff's reply was filed September 11, 2006.

## LEGAL STANDARD

The parties to this action do not dispute that the interpleader action is appropriate or that Plaintiff is entitled to be dismissed from the action.  The only issue in dispute is whether Plaintiff is entitled to an award of costs and attorney fees.  Subdivision 386.6(a) of the California Code of Civil Procedure provides as follows:

> A party to an action who follows the procedure set forth in Section 386 [interpleader] or 386.5 [dismissal of stakeholder] may insert in his motion, petition, complaint, or cross complaint a request for allowance of his costs and reasonable attorney fees incurred in such action.  In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court.  At the time of final judgment in the action the court may make such further provision for assumption of such costs and attorney fees by one or more of the adverse claimants as may appear proper.

## DISCUSSION

While courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action, the "existence of prior federal tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees. [Citation.]" Abex Corp. v. Ski's Enterprises, Inc., 487 F.2d 513, 516 (9th Cir. 1984).

> When an individual fails to pay taxes owed to the federal government, the United States obtains a lien in the amount of the liability on "all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6322.  The lien takes priority of all subsequently perfected liens, unless one of a number of exceptions enumerated in 26 U.S.C. § 6323(b) applies.

Blimpie Int'l, Inc. v. Peacox Ventures, LLC, 2001 WL 1155076 (N.D. Cal.) at *2.

3

In the present case the exception set forth in 26 U.S.C. § 6323(b)(8) applies to the claim of GB to the interpleader fund.  This section provides that the government's lien under section 6321 shall not be valid:

> With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment of amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement . . . .

The exception set forth in 26 U.S.C. § 6323(b)(8) serves to maintain the incentive for claimant parties to bring actions to realize assets that can at least partially satisfy priority governmental tax liens where there would be no asset, or insufficient assets, but for the efforts of the claimant party.  See Blimpie, 2001 WL 1155076 at *3 ("Without the interpled fund, the government would have no asset against which to attach its lien").

"A federal tax lien is effective upon assessment against all persons, even in the absence of recordation of the lien." Noriega & Alexander v. United States, 859 F.Supp. 406, 410 (E.D. Cal. 1994).  A federal tax lien takes priority over competing liens unless the competing lien was fully established prior to the attachment of the federal lien.  Id.  The taxes assessed against Kolkkas, which were later filed as a lien against Kolkka's bankruptcy estate, were assessed from December 31, 1994 through May 31, 2004.  The earliest date the court could consider Plaintiffs' lien against the interpleader fund fully established is July 21, 2006.  Consequently, United States claim against the interpleader fund, being first in time, takes priority over Plaintiffs' claim.

There is no dispute in this case that the judgment fund that Plaintiffs interpled became available as a result of GB's activities as defense counsel for Kolkka.  United States, GB, and the trustee of Kolkka's bankruptcy estate have agreed as to the amount GB reasonably incurred in obtaining the judgment fund.  Consequently, there is no dispute that GB's lien on the judgment fund have super-priority status pursuant to 26 U.S.C. § 6323(b)(8).

The crux of Plaintiffs' argument with respect to United States' opposition to an award

4

of attorney fees is that since United States is willing to settle for considerably less than the full amount of their lien, the court would be within its discretion to award Plaintiffs' attorney the modist sum that would otherwise be appropriate pursuant to Subdivision 386.6(a) of the California Code of Civil Procedure.

Plaintiff offers no authority for the proposition that the court has discretion to wander outside statutory provisions that limit access to funds to which the United States has a priority claim.  Here, access to the entirety of the interpleader fund is strictly limited by statute.  The first priority goes to GB, who has super-priority status pursuant to 26 U.S.C. § 6323(b)(8).  Pursuant to 26 U.S.C. § 6322, United States has priority to all remaining funds up to the extent of its tax lien.  Since the tax lien at issue here far exceeds the amount remaining in the interpleader fund, the court is without discretion to diminish that fund in any amount for the benefit of Plaintiffs' attorney or any other non-priority claimant.

It is not clear whether Plaintiff seeks dismissal from the case in the absence of an award for attorney fees.  It is also not clear whether there is to be further adjudication of United States' claims or whether there could be additional assets that could become available in the future that would satisfy United States' claim while leaving some funds available for other non-priority claimants.  Plaintiffs' motion for dismissal and for attorney fees will therefore be denied without prejudice.

Because an award of attorney fees and costs to Plaintiff is prohibited by statute where United States has a priority claim to those funds, the court need not decide the validity of the non-federal Defendant parties objections to Plaintiffs' motion.

THEREFORE, in consideration of the foregoing discussion it is hereby ordered that Plaintiffs' motion for dismissal from the interpleader action and for award of attorney fees and costs is DENIED without prejudice.

5

IT IS SO ORDERED.

**Dated:    September 27, 2006**              _____/s/ Anthony W. Ishii_____
0m8i78                                        UNITED STATES DISTRICT JUDGE

6